IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CAROLINE PAULA MORE,

    Plaintiff,

 v.

LAFAYETTE COUNTY, MEMORIAL HOSPITAL OF
LAFAYETTE COUNTY, JACK SAUER, DEPUTY
LOEFFELHOLZ, DEPUTY GILL, SHERIFF PEDLEY,  OPINION & ORDER
SHERIFF'S DEPARTMENT OF LAYFAYETTE
COUNTY, TELLURIAN, UCAN INC., KEVIN     17-cv-273-jdp
FLOREK, DOCTOR WOODRUFF, DOCTOR
SARINO, WINNEBAGO MENTAL HEALTH
INSTITUTE IN WISCONSIN, BRAD SHIMEL,
STATE OF WISCONSIN JUSTICE DEPARTMENT,
SCOTT WALKER, and THE STATE OF WISCONSIN,

    Defendants.

---

  This case arises out of events that occurred in April 2014 after pro se plaintiff Caroline Paula More was arrested in Lafayette County, Wisconsin. More has filed three complaints in this case, each of which has a different scope.

  To understand the issues before the court now, some background is needed. After various defendants moved to dismiss her first complaint, More amended the complaint as a matter of right under Rule 15 of the Federal Rules of Civil Procedure. Dkt. 16. When the defendants moved to dismiss the amended complaint, More moved to amend her complaint again, but without filing a proposed amended complaint. Dkt. 23. In response, I gave More a deadline for filing a proposed complaint and instructed her that I would screen the complaint before determining whether she could proceed. Dkt. 25.

  More filed a second amended complaint (which she labels incorrectly as her "third amended complaint"), adding several more defendants, including Memorial Hospital of

Lafayette County, Jack Sauer, Deputy Loeffelhoz, Deputy Gill, Sheriff Pedly, Kevin Florek, Doctor Woodruff, Doctor Sarino, Brad Shimel, and Scott Walker, though she does not discuss most of the new defendants anywhere in the body of her new complaint. Dkt. 34.[1] After More filed her second amended complaint, the defendants who are named in both the original complaint and first amended complaint have renewed their motions to dismiss. Dkt. 35 and Dkt. 36. The new defendants listed above have not been served.)

I will grant More's motion for leave to amend her complaint and I will allow her to proceed on a claim that defendants Loeffelholz and Gill violated the Fourth Amendment and state law by driving recklessly while transporting More and causing her to break her tooth. I will dismiss the remaining federal law claims for More's failure to state a claim upon which relief may be granted and I will dismiss her remaining state law claims for lack of jurisdiction.

ALLEGATIONS OF FACT

More provides few factual allegations in her second amended complaint.[2] Most of the nine-page document consists of legal argument, which does not belong in a complaint. But my understanding of her allegations is as follows.

In April 2014, unnamed "county deputies" in Lafayette County arrested More for an unspecified crime. While transporting More, defendants Loeffelholz and Gill (deputy sheriffs for Lafayette County) drove their vehicle "in such a manner that [More's] face and mouth

---

[1] I have amended the caption to include the new defendants named in the second amended complaint. Dkt. 34.

[2] An amended complaint "wipes away prior pleadings" and "controls the case from that point forward," so I have not considered More's earlier complaints. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).

str[uck] a barrier," causing More to lose one of her front teeth. In the following days and weeks, More was treated at Memorial Hospital of Lafayette County, Tellurian Detox, and the Winnebago Mental Health Institute, where she was under the care of Dr. Sarino and Dr. Woodruff. More believes that she did not receive adequate care at any of those facilities for her "Vulvar Pain," "low-level opioid addiction," or "alcohol dependence health problem(s)."

ANALYSIS

The first question is whether this court has subject matter jurisdiction over this case. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017). Generally, a plaintiff suing in federal court must show either that she is raising a federal claim, 28 U.S.C. §. 1331, or that she and the defendants are citizens of different states and that more than $75,000 is in controversy, 28 U.S.C. § 1332.

As for § 1331, More does not identify any federal claims in her brief in response to the motions to dismiss, even though every defendant that filed a motion to dismiss is contending that the court lacks subject matter jurisdiction over the case. Instead, she devotes almost all of her brief to Wis. Stat. § 51.42, which imposes requirements on counties to provide services related to mental health, developmental disabilities, alcoholism, and drug abuse. Because § 51.42 is a state law, it cannot serve as the basis for jurisdiction under § 1331.

More cites several federal laws in her second amended complaint. First, she cites 28 U.S.C. § 1346, but that law applies only when the United States is a defendant. More has not sued the United States and her allegations do not suggest that she would have any grounds for doing so.

Second, she cites the Americans with Disabilities Act, stating that a "reasonable accommodation rightfully should have been provided by both this county, and the state of Wisconsin." Dkt. 34, at 2. The ADA prohibits discrimination on the basis of disability and applies to certain employers, public accommodations, and public programs, services, and activities. *Brumfield v. City of Chicago*, 735 F.3d 619, 624–30 (7th Cir. 2013) (describing scope of ADA).

Even if I assume that More qualifies as an individual with a disability, it is not clear how the ADA could apply in this case. More does not allege that any of the defendants were her employer and she does not alleges that she was denied access to a public program, service, or activity. Hospitals can qualify as a public accommodation, *e.g.*, *Reed v. Columbia St. Mary's Hosp.*, 782 F.3d 331, 333 (7th Cir. 2015), but More does not identify any discriminatory treatment that she received at the hospital.

Although a failure to provide a reasonable accommodation can qualify as discrimination under the ADA, More does not identify an accommodation that any defendant should have given her. Rather, her claims seem to be based on her view that she did not receive adequate treatment for various medical and mental health conditions she has. That allegation does not state a claim under the ADA. *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) ("[A] lawsuit under the Rehab Act or the Americans with Disabilities Act (ADA) cannot be based on medical treatment decisions."); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). *See also Hutchinson on Behalf of Baker v. Spink*, 126 F.3d 895, 901 (7th Cir. 1997) ("The ADA does not create a special obligation on the part of [the government] to provide [a disabled person] with a hospital placement and to accommodate special requests for his treatment.").

Third, More alleges "in the alternative" that "she was discriminated against and denied help based on her age, sex, religion, disability, or because she tends to have rapid speech, which some identify as a clue pointing towards the psychiatric illness of bi-polar disorder." Dkt. 34, at 7. But she identifies neither the way she was subject to discrimination nor who discriminated against her. And she provides no basis for a belief that anyone did.

Finally, More cites the Eighth Amendment and the Due Process Clause. Although she includes a lengthy legal discussion of those rights in her complaint, she does not explain in her brief or her complaint how any of the defendants violated her constitutional rights. But she cites 42 U.S.C. § 1983 when discussing the injury she received during her transport, so presumably she believes that defendants Loeffelholz and Gill violated the Constitution by driving recklessly.

The Eighth Amendment applies to convicted prisoners and the Due Process Clause applies to pretrial detainees, but it is likely that the Fourth Amendment applies to More's claim because she was an arrestee. *Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006). The question under the Fourth Amendment is whether the defendants' conduct was objectively reasonable in light of the facts and circumstances confronting them, *Graham v. Connor*, 490 U.S. 386, 397 (1989), though a showing of mere negligence is insufficient to prove a constitutional claim, *Daniels v. Williams*, 474 U.S. 327, 331–33 (1986).

Although the question is a close one, I conclude that More has alleged the bare minimum facts necessary to state a claim under the Fourth Amendment against defendants Loeffelholz and Gill. More alleges that defendants acted "willfully" and "recklessly" and that it may be inferred that they had "a hostile impulse" because drove erratically even though "there was no pressing emergency" and "not a great amount of traffic." Dkt. 34, at 5 and 8. At the

5

pleading stage, this is sufficient to allege that defendants acted in an objectively unreasonable manner.

It is not clear whether More believes that any of the other defendants can be held liable for the deputies' conduct. The general rule under § 1983 is that only individuals who were personally involved in the constitutional violation may be held liable. *Burks v. Raemisch*, 555 F.3d 592, 593 94 (7th Cir. 2009). A municipality such as Layfayette County can be held liable only if the municipality had a policy that caused the violation. *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). Because More does not allege that the county had such a policy and she does not allege that anyone else was involved, I will limit this claim to defendants Loeffelholz and Gill.

I will also allow More to proceed on a state law negligence claim against defendants Loeffelholz and Gill. To prevail on a claim for negligence in Wisconsin, a plaintiff must prove that the defendants breached their duty of care and plaintiff suffered injury as a result. *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865. For the reasons discussed in the context of More's constitutional claim, it is reasonable to infer at the pleading stage that Loeffelholz and Gill were negligent.[3]

The remaining question is whether More may proceed on any of her other state law claims against the other defendants. I conclude that she cannot because there is no jurisdictional basis to do so.

---

[3] More does not allege that she complied with the notice of claim requirements in Wis. Stat. § 893.80(1)(a), which applies to suits against county employees. But I will not address that issue now because Wisconsin courts have treated a failure to comply with § 893.80 as an affirmative defense. *Thorp v. Town of Lebanon*, 2000 WI 60, ¶ 24, 235 Wis. 2d 610, 626, 612 N.W.2d 59, 69. So it will be up to defendants to raise this issue.

Under 28 U.S.C. § 1367, a court may exercise jurisdiction over state law claims when they arise out of the same facts as the federal law claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008). But More's state law claims against the other defendants relate to her treatment at various medical and mental health facilities and she does not allege that Loeffelholz and Gill were involved in that treatment. Because I see no common questions in law or fact between her claim against Loeffelholz and Gill and her state law claims against the other defendants, I cannot rely on § 1367 to exercise jurisdiction over those other claims.

A court may also exercise jurisdiction over state law claims under 28 U.S.C. § 1332 if the plaintiff and defendants are citizens of different states and more than $75,000 is in controversy. In this case, More does not allege that she and defendants are citizens of different states and nothing in the complaint suggests that they are. *See also More v. St. Joseph The Workman Cathedral Parish,* No. 13-cv-846 (W.D. Wis. Jan. 9, 2015) (dismissing previous state law claims More filed for lack of jurisdiction because all parties were citizens of Wisconsin). Thus, I cannot exercise diversity jurisdiction under § 1332 either. In the absence of jurisdiction, I must dismiss More's other state law claims without prejudice to her refiling them in state court.

ORDER

IT IS ORDERED that:

1. Plaintiff Caroline Paula More's motion for leave to amend her complaint, Dkt. 34, is GRANTED.

2. More is GRANTED leave to proceed on her claim that defendants Loeffelholz and Gill violated the Fourth Amendment and state law by driving recklessly while transporting More and causing her to break her tooth.

3. The motions to dismiss filed by various other defendants, Dkts. 18, 22, 31, 35, and 36, are GRANTED.

4. All federal claims other than the Fourth Amendment claim against Loeffelholz and Gill are DISMISSED WITH PREJUDICE for More's failure to state a claim upon which relief may be granted.

5. All state law claims other than the negligence claim against Loeffelholz and Gill are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

6. The clerk of court is directed to issue summonses for defendants Loeffelholz and Gill. More may have until August 15, 2018, to: (1) serve her second amended complaint, Dkt. 34, on those defendants; and (2) and file proof of service with the court. After defendants file an answer, the clerk of court will schedule a preliminary pretrial conference.

Entered July 2, 2018.

                BY THE COURT:

                /s/

                _____
                JAMES D. PETERSON
                District Judge